No. 13320

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

CAMDEN J. HENDRICKS, Deceased,

                Claimant and Respondent,

-vs-

THE ANACONDA COMPANY,

                Defendant and Appellant.

---

Appeal from: District Court of the Second Judicial District,
Honorable Arnold Olsen, Judge presiding.

Counsel of Record:

    For Appellant:

        Joseph J. Picarelli argued, Butte, Montana

    For Respondent:

        Jack M. Scanlon argued, Anaconda, Montana

---

                Submitted: May 11, 1977

                Decided: JUN 22 1977

Filed: JUN 22 1977

*Thomas J. Kearney*
                Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

In October 1971 claimant Camden Hendricks was injured in an industrial accident while employed in a mine of defendant The Anaconda Company (Anaconda). He submitted a claim for compensation. Anaconda accepted it and began paying temporary total disability benefits, and continued until claimant's death in November 1973. The parties here stipulated the cause of death was unrelated to the industrial injury.

Claimant's widow requested a lump sum disability payment that was denied by Anaconda and subsequently, on appeal, by the Worker's Compensation Division. Claimant's widow appealed the decision to the district court, Silver Bow County. That court reversed the Division and awarded claimant's widow a lump sum of $6,000.

Prior to his demise claimant had seen two physicians and each made an estimate of the percentage of disability. The first physician estimated disability at 20%, the second, some months later, set the figure at 30%. The district court's award represents an amount based on the 30% figure. Neither physician's report stated the period of healing had ended.

The only additional testimony taken by the district court was that of Albert Pillen, an administrator of the Division's State Compensation Fund. No transcript of his testimony was filed as a part of this appeal record, but the briefs indicate the testimony explained how the state fund handles such claims.

The question here is whether the widow has a right to a lump sum payment.

- 1 -

In 2 Larson's Workmen's Compensation Law, §58.40, there is a general discussion, pertinent as background for our discussion of the issue involved here, it states:

"§58.40 Heritability and assignability of benefits.

"In the opening portion of the book it was pointed out that one of the features distinguishing a compensation award from a tort recovery is the absence of any property right in an award which can survive in favor of heirs. The problem most frequently arises in connection with schedule or other permanent partial awards, when an employee who has been awarded, say, 312 weeks' benefits for loss of an arm dies at the end of 12 weeks. The question is whether his heirs have a claim upon the unaccrued 300 weeks' payments.

"Accrued but unpaid installments are, of course, an asset of the estate, like any other debt. This is equally true of the widow's death benefits, accrued but unpaid installments of which go on her death to her heirs. When the award takes the form of a lump sum, the amount due as accrued payments is the entire amount of the lump sum.

"When, however, the award, although for a fixed number of weeks, is paid weekly or periodically, most jurisdictions in the absence of a special statute to the contrary have held that the heirs have no claim upon the unaccrued payments, since the award is a personal one, based upon the employee's need for a substitute for his lost wages and earning capacity. There is, however, some contra authority.

"This rule has been modified by statute in some states, but it is significant that the modification often takes the form, not of giving the unaccrued balance to heirs indiscriminately, but of giving it in fixed proportions to dependent heirs. * * *"

The statute pertinent here is section 92-608, R.C.M. 1947:

"(1) If an injured employee dies and the injury was the proximate cause of such death, then the beneficiary of the deceased, as the case may be, shall receive the same compensation as though the death occurred immediately following the injury, but the period during which the death benefit shall be paid shall be reduced by the period during or for which compensation was paid for the injury.

"(2) If the employee shall die from some cause other than the injury, there shall be no liability for compensation after his death.

"(3) The question as to who constitutes a beneficiary shall be determined as of the date of the happening of the accident to the employee, whether death shall immediately result therefrom or not."

Subsection 2 of section 92-608 was discussed in Breen v. Ind. Acc. Board, 150 Mont. 463, 475, 436 P.2d 701, where the Court said:

"As we construe this provision it simply means that if an employee is receiving compensation as the result of an indistrial injury and subsequently dies from causes other than this injury, liability for further compensation by way of death benefits or continuing disability benefits is cut off. But we do not construe this statute as terminating liability for compensation accrued prior to death but unpaid at the time of death." 150 Mont. 475.

Claimant's widow argues claimant had an accrued right to a lump sum idemnity payment and that such right accrued when the physicians made their estimates of the percentage of impairment. The major difficulty with this argument is that a lump sum indemnity payment was not the only option available to claimant at the time of his death. As noted in McAlear v. McKee & Co., _____Mont._____, 558 P.2d 1134,1136,1137, 33 St.Rep. 1337, 1340, 1341:

"* * * there are two distinct types of partial disability benefits which a claimant may seek * * *. A claimant may elect a disability benefit under section 92-703.1, R.C.M. 1947, or an indemnity benefit under section 92-709, R.C.M. 1947.

"The distinction between these two benefits is that section 92-703.1 bases the benefit upon actual loss of earning capacity resulting from the injury, whereas section 92-709 awards compensation regardless of earnings to compensate for possible loss of earning capacity in the future. Jones v. Glac. General Assurance Co., 145 Mont. 326, 400 P.2d 888." 33 St.Rep. 1341; 558 P.2d 1137.

Here claimant made no election prior to his death. If claimant had elected to receive disability benefits Breen states

these would have ceased at death. To say claimant had accrued rights in a lump sum indemnity benefit requires that options which the deceased claimant could have exercised be made for him and given retroactive effect.

A second difficulty is that prior to claimant's death there was never a determination made that the healing period had ended. McAlear points out:

> "* * * The statutes which govern are section 92-701.1, R.C.M. 1947, which states:
>
> "'* * * Total temporary disability benefits shall be paid for the duration of the worker's temporary disability.'
>
> and section 92-439, R.C.M. 1947, which defines temporary total disability as:
>
> "'* * * a condition resulting from an injury as defined in this act that results in total loss of wages and exists until the injured workman is as far restored as the permanent character of the injuries will permit.' (Emphasis added.)
>
> Therefore, temporary total disability ceases when the workman's physical condition is as far restored as the permanent character of the injuries will permit. When the claimant has reached this stage in his healing process temporary total disability ceases, and partial disability begins if there is permanent partial impairment." 33 St. Rep. 1340; 558 P.2d 1136.

No indemnity payment may accrue until the healing period is completed. Blessed with hindsight, it is easy to see the benefit to claimant's estate that would result from having claimant fully healed and having made an election to go under the indemnity provisions. The legislature could grant death benefits to dependents of claimants who die from causes unrelated to their industrial injury, as yet it has not done so. Instead it has prohibited payment of compensation after death from unrelated causes. Although it is unfortunate claimant had no accrued lump sum indemnity payment due him prior to his death, the fact remains he did not.

- 4 -

Since no compensation accrued to the claimant remains unpaid, the district court erred in granting a lump sum award to claimant's widow. The cause is reversed with direction to dismiss.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.