KENNETH ANDERSON, Claimant and Respondent, v. CARLSONS TRANSPORT, Employer, and HOME INDEMNITY COMPANY, Defendant and Appellant.

No. 14118.
Submitted June 16, 1978.
Decided Sept. 7, 1978.
583 P.2d 440.

Marra, Wenz, Iwen & Johnson, Great Falls, Charles R. Johnson, Great Falls, argued, for defendant and appellant.

Kelly & Foley, Billings, William T. Kelly, Billings, argued, for claimant and respondent. ·

MR. JUSTICE DALY delivered the opinion of the Court.

Home Indemnity Company, the workers' compensation insurance carrier for Carlsons Transport, a Billings, Montana, trucking firm, brings this appeal from orders of the Workers' Compensation Court. Appellant does not challenge the factual findings of the Workers' Compensation Court, but contends that the court misapplied the statutory terms of the Workers' Compensation Act to those findings.

The findings of fact pertinent to this appeal may be summarized as follows. Kenneth Anderson was a truck driver employed by Carlsons Transport on September 3, 1974, when he suffered an accident in the course of his employment. As a result of the accident, he fractured bones on the left side of his lumbar vertebrae. Carlsons' insurer, appellant in this case, paid Anderson at the temporary total disability compensation rate from the date of the accident until July, 1975, when it reclassified his compensation rate to permanent partial disability. This reclassification reduced his payments from $137 per week to $60 per week. On October 14, 1976, Anderson petitioned for a hearing before the Workers' Compensation Court, asking, among other things, that his temporary total disability rating be restored.

Two orthopedic specialists, Dr. Stanley Yoder and Dr. Perry Berg, examined Anderson prior to the hearing to determine the degree of physical impairment from his back injury. In its Finding of Fact No. 16, the Workers' Compensation Court quoted from an October 12, 1976, medical report by Anderson's treating physician, Dr. Yoder. In his report, Dr. Yoder judged that as of that date there was "still some potential for improvement" but that Anderson would continue to have a "chronic recurring sort of discom-

fort". "Thus," he concluded, "he would fall in the category of temporary total disability at this point." He further reported that the condition "might very well be continued at least to the three year mark from the time of his injury . . ." Finding No. 16 also contains a quotation from Dr. Yoder's deposition of April 5, 1977, in which he was asked to comment on his October 12 report. Dr. Yoder testified, "I think that what I was referring to in that instance was that the symptoms seem to lessen over that period of time, even though actual physical healing has occurred sometime before that, that is subjective improvement."

Finding of Fact No. 17 notes that, in Dr. Yoder's opinion, Anderson's degree of physical impairment had not changed between August, 1975, and the date of the deposition, April, 1977.

Finding of Fact No. 18 contains Dr. Yoder's response to a deposition question, asking when Anderson had attained maximum recovery:

"That is very difficult to put an exact date on, but I would say certainly within, oh, six months of the time of his injury, it was as good as it was ever going to get, and that is being rather generous."

Dr. Berg, the other examining physician, made his examination of Anderson on January 10, 1977. His report is included in part in Finding of Fact No. 19:

"All disability is subjective. I can determine no evidence of nerve root irritation, disc disease or degeneration or basic disability. There is no limitation of motion in any of the joints. . . . He has no condition which would necessitate surgery, or consideration of such nor is there any suggestion that this may be a significant possibility in the future. My examination for all practical purposes shows he has made a complete recovery. No limitations would be placed on his activities."

Finding of Fact No. 24 is the Workers' Compensation Court's last finding. In it, the court concluded from the evidence "[t]hat claimant is physically able to return to sedentary work."

In Conclusion of Law No. 3, the court concluded that "the testimony of Dr. Stanley Yoder, M.D., and of Dr. Perry Berg, M.D., is

in conflict as to whether claimant has completed the healing period that removes a claimant from temporary total disability . . ." It concluded further that while both physicians are "qualified and experienced orthopedic surgeons", Dr. Yoder had more opportunities to observe Anderson as his treating physician than did Dr. Berg, who examined Anderson only once. Accordingly, it gave greater weight to Dr. Yoder's testimony.

Conclusion of Law No. 4 states that "Dr. Yoder's final testimony is and the Court finds that the claimant is entitled to temporary total disability."

Conclusion of Law No. 7 grants Anderson attorney's fees and costs in connection with the preparation and pursuit of his claim.

Conclusion of Law No. 8, taking note of the fact that for a period of just over 12 weeks in the spring of 1977, Anderson was employed as a musician, ordering the insurer to pay him a lump sum for permanent partial disability during that period.

Appellant insurer takes issue with Conclusion of Law Nos. 4, 7, and 8.

This case does not present a question of sufficiency of the evidence to support factual findings, but of the appropriateness of the Workers' Compensation Court's application of statutory terms to those facts.

In cases involving the application of a well defined statutory term, the appropriate standard of review is whether the application of the term by the Workers' Compensation Court was legally correct. We are not required to affirm simply because the application of the term was not unreasonable or arbitrary. Thus, the issue is not whether the Workers' Compensation Court had some reasonable basis for its conclusion that Anderson was entitled to temporary total disability benefits, but whether, in view of the findings of fact, this Court agrees that the conclusion was the most appropriate application of the statute to the facts. In this instance, it was not.

Temporary total disability is defined as "a condition resulting from an injury as defined in this act that results in total loss of

wages and exists until the injured workman is as far restored as the permanent character of the injuries will permit." Section 92-439, R.C.M.1947. In *Hendricks v. Anaconda Co.* (1977), 173 Mont. 59, 566 P.2d 70, 73, this term was further explained:

" '[T]emporary total disability ceases when the workman's physical condition is as far restored as the permanent character of the injuries will permit. When the claimant has reached this stage in his healing process temporary total disability ceases, and partial disability begins if there is permanent partial impairment.' " (Quoting *McAlear v. McKee* (1976), 171 Mont. 462, 558 P.2d 1134, 1137.)

In this case, the Workers' Compensation Court's findings of fact included ample findings of maximum recovery:

1. Anderson's attending physician, Dr. Yoder, testified that while there was room for "subjective improvement", the "actual physical healing" had already occurred, and that most likely within six months after the injury "it was as good as it was ever going to get". (Findings of Fact 16 and 18.)

2. In Dr. Yoder's opinion, Anderson's degree of physical impairment had not changed from August 1975 to April 1977. (Finding of Fact 17.)

3. Anderson is able to resume sedentary work or school. (Finding of Fact 24.)

■ It is true that Dr. Yoder said in a medical report to Anderson's lawyer that, in his opinion, Anderson's condition on October 12, 1976, fell into the category of temporary total disability. In view of the findings of fact, however, the Workers' Compensation Court was in error in adopting that opinion as its legal conclusion. A person whose recovery has progressed to "as good as it [is] ever going to get", whose physical healing is complete, and whose only room for improvement is subjective, cannot at the same time be "temporarily totally disabled."

■ The two other orders of the Workers' Compensation Court from which the insurance carrier appeals may be treated quickly.

First, the insurer was ordered to make a lump sum payment of $737.14 for the 12 week and two day period between March 19 and June 20, 1977. This payment represents compensation for permanent partial disability during the time when the claimant had employment as a musician, yet still suffered a compensable wage loss. The records of the Workers' Compensation Court file, however, indicate that full payment for permanent partial disability has already been made during that period, as part of a regular schedule of payments to Anderson. The insurer is not required to pay that amount again.

Second, the Workers' Compensation Court determined that Anderson was entitled to attorney's fees and costs in presenting his claim. Section 92-616, R.C.M.1947, provides for the payment of such fees to a litigant whose claim is adjudged compensable. Because this Court finds that Anderson is not entitled to temporary total disability compensation as he claimed in this lawsuit, he is accordingly not entitled to attorney's fees and costs under this section.

The judgment and orders of the Workers' Compensation Court are reversed.

MR. CHIEF JUSTICE HASWELL and JUSTICES HARRISON, SHEA and SHEEHY concur.