No. 86-415

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

LOYD FOSTER and JIM GEODDERTZ,
d/b/a L & L TELEPHONE,

        Petitioners and Respondents,

-vs-

COMMISSIONER OF LABOR AND INDUSTRY,
STATE OF MONTANA, ex rel., KELLY McSHANE,

        Respondents and Appellants.

APPEAL FROM: District Court of the Eleventh Judicial District,
              In and for the County of Flathead,
              The Honorable Leif B. Erickson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        James W. Zion, Dept. of Labor & Industry, Helena,
        Montana

    For Respondent:

        Warden, Christiansen, Johnson & Berg; Kent P. Saxby,
        Kalispell, Montana

Submitted on Briefs: Nov. 25, 1986

Decided: February 3, 1987

Filed: **FEB 3 - 1987**

*Ethel M. Harrison*

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the District Court of the Eleventh Judicial District in and for Flathead County, Montana. The court vacated an order of the Commissioner of Labor and Industry granting Kelly McShane certain claimed back wages. We affirm.

Respondents opened a new business, L & L Telephone, in Kalispell, Montana, in January, 1983, to repair, sell and install telephone systems. Appellant (McShane) inquired about the possibility of working for the new company and was advised that periodically a limited amount of telephone repair work might be available for him. There was no representation made as to the amount of work which might be available, and it was agreed McShane would be paid on a piece-rate basis for each piece of repair work actually completed. He was free to accept or reject any work offered to him for repair. McShane was free to perform repairs at a location away from L & L Telephone and free to use his own tools and method of repair. He was not required to be at respondents' place of business during any specific hours.

In April respondents agreed to hire McShane and another repairman for a fixed number of hours every two week period. They received a fixed salary each period and signed a W-4 form. Respondents argue it was not until April that an employer/employee relationship was established. We agree.

In October, 1984, McShane filed a wage claim with the Commissioner of Labor and Industry for back wages he claimed were owed him by respondents for the period between January and April, 1983. Following an administrative hearing, the hearing examiner ordered respondents to pay McShane $2,304 in unpaid wages and penalty. Respondents appealed to the District Court which dismissed the claim and ordered that

McShane take nothing by way of his wage claim. The Commissioner of Labor and Industry appeals.

Appellant argues the District Court erred by not applying the proper standard when reviewing the administrative order, and by applying the wrong law to the facts.

The standard of review is set forth in § 2-4-704, MCA, which reads in pertinent part:

> (1) . . .
>
> (2) The court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> . . .
>
> (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;
>
> (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion;

This statute is exceedingly clear and we have consistently reaffirmed its meaning. See Chagnon v. Hardy Construction Co. (Mont. 1984), 680 P.2d 932, 41 St.Rep. 441; State ex rel. Montana Wilderness Association (Mont. 1982), 648 P.2d 734, 39 St.Rep. 1238; Martinez v. Yellowstone County Welfare Dept. (Mont. 1981), 626 P.2d 242, 38 St.Rep. 474; Northern Plains Resource Council v. Board of Natural Resources and Conservation (1979), 181 Mont. 500, 594 P.2d 297.

The hearing examiner determined that McShane was an employee of L & L Telephone. The District Court reversed, applying the clearly erroneous standard because the court found the hearing examiner's findings were not supported by reliable, probative and substantial evidence on the record. We are confronted with the task of determining whether the District Court abused its discretion.

Both employee and independent contractor are statutorily defined. Section 39-71-118(1)(a), MCA, defines employee as "each person in this state, including a contractor other than an independent contractor, who is in the service of an employer, as defined by 39-71-117 . . . " (L & L Telephone meets the statutory requirement of § 39-71-117, MCA.) An independent contractor "is one who renders service in the course of an occupation and: (1) has been and will continue to be free from control or direction over the performance of the services, both under his contract and in fact; and (2) is engaged in an independently established trade, occupation, profession, or business." Section 39-71-120, MCA.

Respondents argue the District Court applied the wrong law to determine whether McShane was an employee. They contend the so-called ABC test should have been used, citing § 39-51-203(4), MCA, and various decisions of this Court. The ABC test is not applicable in this case, however. It is used when determining whether a worker is an employee for purposes of imposition of unemployment compensation tax on the employer. "The test to determine whether or not an employer/employee relationship exists within the meaning of [§ 39-71-118, MCA] is the so-called control test." State ex rel. Ferguson v. District Court (1974), 164 Mont. 84, 88, 519 P.2d 151, 153.

> The vital test in determining whether a
> person employed to do a certain piece of
> work is a contractor or a mere servant,

4

> is the control over the work which is
> reserved by the employer. Stated as a
> general proposition, if the contractor is
> under the control of the employer he is a
> servant; if not under such control, he is
> an independent contractor. (Citation
> omitted.)
>
> One who contracts to do a certain piece
> of work according to his own methods and
> without subjection to the control of his
> employer, is, while so engaged, an
> independent contractor. (Citations
> omitted.)
>
> As to control, it is necessarily implied
> in every contract that the employer may
> insist that the contract shall be
> performed according to its
> specifications. (Citation omitted.)

Shope v. City of Billings (1929), 85 Mont. 302, 307-308, 278 P. 826, 827.

The issue of control goes beyond actual control and focuses on the right to control. We have set out four factors to be considered when analyzing the right to control: (1) direct evidence of right or exercise of control; (2) method of payment; (3) furnishing of equipment; (4) right to fire. Sharp v. Hoerner Waldorf Corporation (1978), 178 Mont. 419, 425, 584 P.2d 1298, 1301. McShane was told by respondents that periodically a limited amount of telephone repair work might be available for him. No representation was made as to the amount of work. McShane and respondents agreed McShane would be paid on a piece-rate basis, which was 100% of what was paid respondents. McShane was free to accept or reject any and all work. He was not required to do his work at any certain time or in any certain place. Respondents did not provide McShane with tools. Clearly respondents did not control or have the right to control McShane.

The hearing examiner found it to be "abundantly clear that respondent intended for McShane to be an independent contractor prior to April 1 . . . "  However, the hearing examiner's conclusion that McShane was an employee of L & L Telephone between January 10 and March 25, and thus entitled to back wages for that period is not supported by the record, and is contradicted by other findings.  It is clearly erroneous and must be set aside.  Rule 52(a), M.R.Civ.P.

McShane was "free from control or direction" when repairing telephones.  The District Court's conclusion that by law "[t]he respondent McShane was an independent contractor at all times prior to March 31, 1983," is supported by the record.  We do not find the District Court abused its discretion in reaching this conclusion and therefore, we affirm.

Justice

We concur:

Chief Justice

Justices

6