No. 89-231

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

IN THE MATTER OF THE WAGE CLAIM OF
FREDERICK C. HOLBECK,

        Claimant and Respondent,

-vs-

STEVI-WEST, INC.,

        Respondent and Appellant.

---

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Ravalli,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Noel K. Larrivee, Missoula, Montana

    For Respondent:

        Melanie Symons, Dept. of Labor & Industry, Helena,
Montana

---

Submitted on Briefs: Aug. 31, 1989

Decided: December 1, 1989

Clerk

Filed:

'89 DEC 1 AM 11 07

ED SMITH, CLERK
MONTANA SUPREME COURT

FILED

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The Department of Labor and Industry (DOLI) issued an order directing appellant, Stevi-West, Inc., to pay overtime wages of $3,288 and a statutory penalty of $3,288 to its former employee, Frederick C. Holbeck. The District Court of the Fourth Judicial District, Ravalli County, affirmed the DOLI order. Stevi-West appeals. We affirm.

Stevi-West presents three questions for our consideration:

1. Was Frederick Holbeck an executive employee within the meaning of § 39-3-406(1)(j), MCA, and, therefore, exempt from overtime compensation?

2. Did Frederick Holbeck provide sufficient and accurate substantiation of his overtime hours?

3. Did the District Court err in failing to allow Stevi-West to present additional evidence?

In October, 1985, Stevi-West, Inc., owned primarily by Tom and Karen Bauer, opened an eight-lane bowling center, lounge and snack bar in Stevensville. A few months prior to the opening, the Bauers hired Dave Sears to manage the center. In August, 1985, Sears hired the claimant, Frederick Holbeck, under an oral employment agreement.

Holbeck's primary duties included attending the customer service counter, working on the automatic pinsetting machines and maintaining the bowling alleys. He also performed janitorial chores, drilled balls, organized leagues, promoted the alleys, instructed bowlers and closed the center after work hours.

Stevi-West initially paid Holbeck $1,300 per month. In June, 1986, after the manager, Sears, was laid off, Holbeck's

- 2 -

wages increased to $1,600 per month. In October, 1986, his wages again increased, this time to $1,900 per month. On December 31, 1986, Holbeck resigned from his position for personal reasons.

On February 19, 1987, Holbeck filed a claim with the DOLI to collect overtime wages from Stevi-West. After a hearing, the DOLI hearings officer entered findings of fact, conclusions of law and an order requiring Stevi-West to pay Holbeck $3,288 as overtime wages due and owing and $3,288 as a statutory penalty.

Stevi-West petitioned for judicial review. Following briefing of the issues, the District Court affirmed the DOLI order. Stevi-West appealed to this Court.

The standard of review of an agency decision is delineated at § 2-4-704, MCA, as follows:

> (2) The court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because:
>
> (a) the administrative findings, inferences, conclusions, or decisions are:
>
> . . .
>
> (v) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;
>
> (vi) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Thus, judicial review of factual matters is limited. The reviewing court will not overturn an agency's findings of fact unless they are clearly erroneous. Facts supported by

substantial credible evidence are not clearly erroneous. City of Billings v. Billings Firefighters Local No. 521 (1982), 200 Mont. 421, 430-31, 651 P.2d 627, 632.

Judicial review of legal issues is somewhat broader. The reviewing court will reverse an agency's legal conclusions if they are characterized by an abuse of discretion. Billings Firefighters, 200 Mont. at 431, 651 P.2d at 632.

The first question raised on appeal is whether Holbeck was an executive employee within the meaning of § 39-3-406(1)(j), MCA, and, therefore, exempt from overtime compensation.

Generally, an employee is entitled to overtime compensation for any hours worked in excess of 40 per week. Section 39-3-405(1), MCA. Among the employees excluded from this general rule are those employed in a bona fide executive capacity. Section 39-3-406(1)(j), MCA. A bona fide executive is defined in § 24.16.201, ARM, which provides:

(1) The term "employee employed in a bona fide executive * * * capacity" in Section 39-3-406(1)(j) MCA of the Montana Minimum Wage and Overtime Compensation Act shall mean any employee:

(a) Whose primary duty consists of the management of the enterprise in which he is employed or of a customarily recognized department or subdivision thereof; and

(b) Who customarily and regularly directs the work of two or more other employees therein; and

(c) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight; and

- 4 -

(d) Who customarily and regularly exercises discretionary powers; and

(e) Who does not devote more than 20 percent or in the case of an employee of a retail or service establishment who does not devote as much as 40 percent, of his hours of work in the workweek to activities which are not directly and closely related to the performance of the work described in subsections (a) through (d) of this section. (Emphasis added.)

Before an individual will be deemed an executive employee exempt from overtime compensation, the employer must prove each of the elements of the above regulation. Rosebud County v. Roan (Mont. 1981), 627 P.2d 1222, 1228, 38 St.Rep. 639, 646. In this case, Stevi-West has failed to meet its burden.

Substantial credible evidence supports the DOLI hearings officer's finding that Holbeck did not act in a managerial capacity. Although Holbeck was hired to assist the manager, Sears, the evidence demonstrates that his primary responsibilities related to customer service and maintenance of the bowling lanes and equipment. After Sears was laid off, Holbeck's responsibilities remained the same. The owners themselves, rather than Holbeck, filled the managerial void left by Sears' departure.

Few factors indicate that Holbeck held a managerial position. He was not given the authority to make major business decisions. He did not schedule employees or set pay rates. He did not handle money except to collect it from customers at the customer service counter and to put it in safekeeping on the nights he closed the center. He was not responsible for any business recordkeeping. Apart from arranging for the exchange of free bowling for help from high school students, he did not hire or fire employees. He had little input regarding hiring, firing or promoting employees.

Clearly, the record demonstrates that Stevi-West failed to prove elements (a), (b), (c) and (e) of § 24.16.201, ARM. Consequently, Stevi-West failed to show that Holbeck was exempt from overtime compensation. The District Court did not err in affirming the DOLI order.

The second issue is whether Holbeck provided sufficient and accurate substantiation of his overtime hours.

The employer is required to record the hours worked by its employees. Garsjo v. Department of Labor and Industry (1977), 172 Mont. 182, 188-89, 562 P.2d 473, 476. If the employer fails to record the employee's hours, the employee's records may be used to determine the amount of time worked. The employee's records, however, need not be precise. The employee may substantiate his claim by proving "that he has in fact performed work for which he was improperly compensated and [producing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Garsjo, 172 Mont. at 189, 562 P.2d at 476 (quoting Anderson v. Mt. Clemens Pottery Co. (1946), 328 U.S. 680, 687, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515, 1523.)

In the present case, Stevi-West did not track the hours worked by Holbeck. Holbeck began recording his hours in October, 1986. To substantiate his claim prior to that time, he submitted exhibits reconstructing the approximate number of hours worked. The exhibits were based on weekly schedules, seasonal duties and common practice. Both Holbeck and the former manager, Sears, testified in support of the exhibits. Under the circumstances, substantial credible evidence supported the finding that Holbeck should be compensated for the hours reconstructed in the exhibits.

Stevi-West also claims that Holbeck should not be compensated for overtime hours because he spent much of his time bowling while on duty. Testimony offered at the hearing

indicated that much of the time Holbeck spent bowling was work related. Furthermore, Tom Bauer testified that he knew Holbeck bowled while working. As long as Bauer permitted Holbeck to bowl while on duty, Holbeck must be properly paid, even if the pay includes overtime compensation.

The last issue is whether the District Court erred in failing to allow Stevi-West to present additional evidence.

After it petitioned for judicial review, Stevi-West filed a motion to present additional evidence. Although the District Court granted the motion, the order was buried in the court record. The order was not served on Stevi-West or noted on the court docket. Nor was the matter set for hearing. Nonetheless, we do not remand for further proceedings.

The statute governing receipt of additional evidence provides:

> If, before the date set for hearing, application is made to the court for leave to present additional evidence and <u>it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency</u>, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court. (Emphasis added.)

Section 2-4-703, MCA.

The evidence sought to be introduced by Stevi-West consisted of testimony of three individuals employed by the bowling center concerning the number of employees supervised by Holbeck. Even if the testimony were persuasive, it would not be material to the action because it would affect only one of the six required elements of § 24.16.201, ARM. The

result would not differ. Holbeck's classification would not change to that of an exempt executive employee. He would still be eligible for overtime compensation.

Stevi-West also sought to introduce the testimony of Karen Bauer, one of the owners of the bowling center, who was not present at the administrative hearing. Although Karen's testimony regarding Holbeck's alleged managerial responsibilities and the number of hours he worked would be material to the outcome of this case, Stevi-West did not present good cause for its failure to introduce this evidence at the original hearing as is required by § 2-4-703, MCA. In his affidavit supporting the motion to present additional evidence, Stevi-West's attorney stated only that Karen was unavailable to attend the hearing. While such a conclusory assertion may be sufficient to show good cause for the failure of a disinterested witness to attend an agency hearing, it is insufficient when the witness is one of the owners of the entity that requested the hearing in the first place.

Stevi-West does not allege, nor does the record show, that it was given insufficient notice of the time and date of hearing. In fact, the administrative record demonstrates that the notice of the April 20, 1988 hearing was mailed on March 14, 1988. Under the circumstances, we cannot say that Stevi-West has shown good cause for its failure to present Karen's testimony during the administrative hearing.

Affirmed.

_____
                    Justice

We Concur:

_____
Chief Justice

- 8 -

John C. Sheehy

R. C. McDonough

_____
Justices