No. 90-551

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

MURLAND W. SEARIGHT and
VIRGINIA SEARIGHT,

      Petitioners and Appellants,

-v-

BONNIE JEAN HOWELL, wage claimant,
and the COMMISSIONER OF LABOR AND
INDUSTRY, State of Montana,

      Respondents and Respondents.

**FILED**

APR 22 1991

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Thomas Honzel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    Murland Searight, Columbia Falls, Montana

    For Respondent:

        Darrell S. Worm; Ogle & Worm; Kalispell, Montana
Daniel B. McGregor, Department of Labor & Industry,
Helena, Montana

        Submitted on Briefs:  March 7, 1991

                Decided:  April 22, 1991

Filed:

_____
           Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This appeal arises from a Department of Labor and Industry decision awarding respondent, Bonnie Jean Howell, $1,110.14 in wages and the same amount in penalty. The District Court for the Eleventh Judicial District, Flathead County, affirmed the Hearing Officer's decision. Mr. and Mrs. Searight appeal. We affirm.

We restate the issues presented as follows:

1. Whether the Department of Labor and Industry possessed jurisdiction to award wages to Ms. Howell.

2. Whether the Hearing Officer applied the proper standard of proof.

3. Whether the District Court erred in concluding that Ms. Howell's wage claim was not barred by the doctrine of res judicata.

On October 29, 1986, Bonnie Jean Howell (Ms. Howell) filed a wage claim against Mr. and Mrs. Searight (Searights) with the Department of Labor and Industry (Department). The claim, filed solely in Ms. Howell's name, also demanded wages for her two sons. The Department split the claim and considered that portion pertaining to Ms. Howell at a hearing held on June 4, 1987. The Hearing Examiner held in favor of Ms. Howell after making the following findings of fact:

1. Ms. Howell was employed by the Searights from April 8, 1985 through May 17, 1985 (Stipulated Fact.)

2. Ms. Howell has received $250.00 from the Searights in the form of a personal check for $150.00 and $100.00 cash (Stipulated Fact.)

3. A list of chores was provided by the Searights for Ms. Howell to perform at the rate of $5.00 per hour

2

(Stipulated Fact.)

4. The Searights hired Ms. Howell to house-sit their home and to perform certain chores while they were on an extended trip to China.

5. Prior to employment, a verbal employment agreement was made between Virginia Searight and Ms. Howell. Also involved and affected by the agreement were Ms. Howell's sons, Carl Howell and Robert Howell. Ms. Howell was to receive $20.00 per day or $150.00 per month for house-sitting. In addition, and as shown above in Stipulated Fact, Ms. Howell was to receive $5.00 per hour for work performed relative to a list of chores provided by Ms. Searight. Robert Howell was to receive $10.00 per day for playing with the Searight's dog and Carl Searight was to receive $1.00 per day for grooming the dog and cleaning up after the dog. (NOTE: The payment or non-payment of services performed by Carl Howell and Robert Howell is not at issue in this matter; their employment agreements are mentioned only to clarify the employment agreement of [Ms. Howell].)

6. Ms. Howell recorded hours worked relating to the additional chores to be performed at the rate of $5.00 per hour.

7. Ms. Howell claims the following:

| | |
|---|---|
| House sitting - 5 weeks plus 5 days at $150.00 per week | $ 856.14 |
| 115 hours worked at $5.00 per hour | 575.00 |
| Less certain items received by Ms. Howell | 72.00 |
| Less $250.00 received by Ms. Howell | 250.00 |
| Total owed to Ms. Howell | $1,110.14 |

The Hearing Officer concluded that the Searights owed Ms. Howell $2,220.28 in wages and statutory penalty and ordered payment accordingly. The Searights petitioned for judicial review from the Order of the Hearing Officer. The District Court affirmed the Hearing Officer's decision. The Searights filed a motion to vacate judgment which the District Court subsequently denied. The

Searights appeal.

I

Whether the Department of Labor and Industry possessed jurisdiction to award wages to Ms. Howell.

The issues raised on appeal in this case are questions of law. In reviewing questions of law, this Court will merely "determine if the agency's interpretation of the law is correct, instead of applying the inappropriate abuse of discretion standard". Steer Inc. v. DOR (1990), ___ P.2d ___, 47 St.Rep. 2199, 2200.

The Searights maintain that the Department lacked jurisdiction in this case because Ms. Howell was not an employee but an independent contractor. They urge that under Foster v. Commissioner of Labor and Indus. (1987), 225 Mont. 246, 731 P.2d 1313, the Hearing Officer could not award back wages to an independent contractor. The Searights also contend that Ms. Howell's labor constituted household or domestic service which is excluded from the definition of "employment" under Montana's unemployment insurance statutes.

Ms. Howell maintains first that the "independent contractor" argument was not raised during the proceedings before the Department, and is thus, beyond the scope of judicial review under § 2-4-702(1)(b), MCA. We agree. Section 2-4-702(1)(b), MCA, provides:

> A party who proceeds before an agency under the terms of a particular statue shall not be precluded from questioning the validity of that statute on judicial review, <u>but such party may not raise any other question not raised before the agency unless it is shown to the satisfaction of the court that there was good cause for</u>

4

**failure to raise the question before the agency.** (Emphasis added).

The independent contractor issue was addressed by the District Court as follows:

> Whether a person is an employee or an independent contractor is a factual question. If [the Searights] had raised the issue of whether Ms. Howell was an independent contractor and had presented evidence on that issue, the hearing officer would have been required to make specific findings on that question which the Court could then review. Here, [the Searights] did not raise the issue nor did they present any evidence regarding it. More importantly, [the Searights] stipulated that Ms. Howell was employed by them. The Court concludes, therefore, that [the Searights] cannot now raise the issue of whether Ms. Howell was an independent contractor.

We conclude that § 2-4-702(1)(b), MCA, is determinative here. We affirm the District Court in holding that the Department possessed jurisdiction to award wages to Ms. Howell.

II

Whether the Hearing Officer applied the proper standard of proof.

In his conclusion regarding the sufficiency of the evidence presented before him, the Hearing Officer stated:

> The Searights did not keep any hourly records as to the amount of time spent by Ms. Howell working on the chores for which she was to be paid $5.00 per hour. Ms. Howell proved by reasonable inference that she worked hours for which she was not compensated. The Searights did not disprove these hours. See Garsjo vs. (sic) Department of Labor, 562 P.2d 473 (Mont. 1977).

The Searights contend that the Hearing Officer applied the incorrect standard of proof and that the preponderance of the evidence would have been the proper standard to apply. Ms. Howell maintains that while the Hearing Officer observed that the

5

Searights had not kept hourly time records, Ms. Howell kept records and submitted a summary of her records in support of her claim. She contends that Garsjo does not create a different standard of proof, but rather, endorses the use of circumstantial evidence to establish a reasonable approximation of the hours worked in constituting substantial evidence to support a claim. See Holbeck v. Stevi-West, Inc. (1989), 240 Mont. 121, 125-126, 783 P.2d 391, 394-395.

Here, Ms. Howell presented exhibits which detailed the work done. She kept track of exactly what she did each day and how much time was spent on it. As the Department argues, this evidence, coupled with Ms. Howell's testimony and the stipulated fact that she was employed from April 8, 1985 through May 17, 1985, clearly constituted substantial evidence to support the Hearing Officer's conclusion. See Garsjo and Holbeck. We hold that the Hearing Officer applied the correct standard of proof.

## III

Whether the District Court erred in concluding that Ms. Howell's wage claim was not barred by the doctrine of res judicata.

The Searights contend that the findings and conclusions of the separate proceedings involving Ms. Howell's sons are contrary to the findings and conclusions in this case, and thus, the doctrine of res judicata requires accepting those findings and conclusions over those entered here. They argue that the findings of fact established that the employments of Ms. Howell, Carl and Robert were for the identical time period, at the identical location,

6

under one agreement, by the identical family members.

The doctrine of res judicata applies when (1) the parties or their privies are the same; (2) the subject matter of the action is the same; (3) the issues related to the subject matter are the same; and (4) the capacities of the person are the same in reference to the subject matter and the issues between them. Phil-CO Feeds v. 1st Nat'l Bank in Havre (1989), 238 Mont. 414, 777 P.2d 1306.

The parties are not the same in the two cases. They are only of the same family. Here, Ms. Howell is the wage claimant. In the previous case, Ms. Howell's sons, Carl and Robert, were the claimants. In the case at bar, the issue is whether Ms. Howell is owed <u>unpaid</u> wages for work performed pursuant to express orders. In the sons' case, the issue was whether they were owed wages at all for caring for the Searights' dog. We hold that the District Court was correct in ruling that the doctrine of res judicata did not bar Ms. Howell's claim.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

7