PEGGY M. SHARP, Claimant and Appellant, *v.* HOERNER WALDORF CORPORATION, Employer, and AETNA CASUALTY AND SURETY CO., Defendant and Respondent.

No. 14163.
Submitted Sept. 12, 1978.
Decided Oct. 4, 1978.
584 P.2d 1298.

Hirst & Dostal, Missoula, John A. Dostal (argued), Missoula, for claimant and appellant.

Garlington, Lohn & Riley, Missoula, Larry E. Riley (argued), Missoula, for defendant and respondent.

MR. JUSTICE SHEEHY delivered the opinion of the Court.

Appellant, Peggy M. Sharp, appeals from the findings of fact and conclusions of law and order of the Workers' Compensation Court, State of Montana, entered on December 14, 1977 and order and notice (of the same court) denying rehearing, dated January 13, 1978.

About December 1, 1967, appellant began work for Hoerner Waldorf Corporation (then Intermountain Company) in Missoula, Montana, doing janitorial work. Prior to that time Hoerner Waldorf had a cleaning contract with a cleaning service company for which appellant worked. Dissatisfied with the cleaning services performance but satisfied with appellant's performance, Hoerner Waldorf terminated the cleaning contract and appellant was asked to do the cleaning by the company's purchasing agent, Robert Lerum. Because the company was familiar with appellant's work, no details were initially discussed when appellant was given the job; she was simply to continue cleaning as she had been doing. Also no written contract was entered into at that time. From the

record, it is clear both parties felt appellant could be terminated at any time and duration was never established for her job.

Appellant was initially paid $450 per month, however, the company made no payroll deductions from this amount. Mr. Lerum testified he considered appellant to be an independent contractor. As duties were added to appellant's job, she negotiated raises and at the time of termination was being paid $685 per month. Appellant's rate and time of pay did not depend upon the completion of a certain task or certain cleaning. The company bought cleaning supplies in bulk for appellant although from time to time she would make minor purchases and be reimbursed by the company.

During the course of her tenure with Hoerner Waldorf, appellant was asked from time to time by Lerum to assume more cleaning duties. A point was reached where she felt she needed help and the company gave its permission for her to hire additional help. Appellant was to pay this help herself and the company accordingly increased the amount paid to her. Although appellant was apparently free on her own to hire and fire this additional help, on two occasions the company through Lerum indicated it did not want certain individuals employed by appellant. The company also felt it could give directions to appellant's employees, a circumstance that led to appellant's quitting.

As was mentioned above, no details were discussed at appellant's initial hiring as to how the cleaning was to be done, and as both appellant and Lerum testified, such details were generally left up to appellant. The record, however, does reveal occasions when appellant received directions from the company personnel concerning what to clean, what not to clean, where to clean and concerning tasks not associated with general cleaning, namely, cleaning and repair of curtains, painting of a room, and checking the operational status of a furnace. Appellant and the company felt the company and various personnel involved had the right to make such requests. Appellant had her own set of keys to the company premises and on occasion was asked to come, outside of her working hours, to unlock the premises for others.

During the period appellant worked at Hoerner Waldorf she also maintained a cleaning service business for other offices in Missoula. Subsequent to an investigation and hearing by the Workers' Compensation Division, appellant filed an employer's election statement seeking coverage under the Workers' Compensation Act for those persons in her employ.

On December 28, 1975, while cleaning the offices of Hoerner Waldorf (Intermountain) appellant fell twice, slipping on ice on the company steps. Appellant suffered injuries requiring hospitalization and having a permanent effect on her ability to work. Appellant was unable to do the manual work involved in cleaning as she had before the injury but did supervise the operations. Sometime after the injury appellant reached the opinion that her duties had become so undefined that she could not continue and thus she quit. The company, other than asking her to reconsider and continue on, made no protest as to this decision nor any contention that appellant did not have the right to do so.

The Workers' Compensation Court concluded as a matter of law that under section 92-438.1, R.C.M.1947, and section 92-411, R.C.M.1947, appellant was an independent contractor and not an employee. Her injury was therefore not compensable under the Workers' Compensation Act and the extent of her disability need not be determined because she was not an employee within the meaning of the Act. For the reasons set forth hereafter, we reverse the conclusion of the Workers' Compensation Court that appellant is not an employee of Hoerner Waldorf for the purposes of the Workers' Compensation Act.

The issue presented for appeal is essentially this: did the Workers' Compensation Court correctly conclude, based upon its application of the statute in question to the presented facts, that the appellant was not an employee but an independent contractor?

■ Initially we must be concerned with the scope of this Court's review of a decision by the Workers' Compensatin Court. When presented with an issue which challenges the sufficiency of the evidence to support the court's findings or challenges the credibility of that evidence, the scope of our review is limited.

"Our function in reviewing a decision of the Workers' Compensation Court is to determine whether there is substantial evidence to support the findings and conclusions of that court. We cannot substitute our judgment for that of the trial court as to the weight of the evidence on questions of fact. Where there is substantial evidence to support the findings of the Workers' Compensation Court, this Court cannot overturn the decision. *Bond v. St. Regis Paper Co.* (1977), 174 Mont. 417, 571 P.2d 372; *Robins v. Anaconda Aluminum Co.* (1978), 175 Mont. 314, 575 P.2d 67." *Steffes v. 93 Leasing Co., Inc. [U.S.F. & G. Co.]* (1978), 177 Mont. 83, 580 P.2d 450, 452, 453.

■ When, however, presented with an issue which raises only a question of law "an appellate court is not bound by the findings of the trial court, but is free to draw its own conclusions from the evidence presented." *Walsh v. Eberlin* (1977), 114 Ariz. 342, 560 P.2d 1249, 1251; *Sapp v. Barenfeld* (1949), 34 Cal.2d 515, 212 P.2d 233, 236.

■ It has been held that the construction of a statute and its applicability to a given situation are matters of law that can be determined by the appellate court. *In Re Madison's Estate* (1945), 26 Cal.2d 453, 159 P.2d 630; *Sanborn v. Lewis and Clark County* (1941), 113 Mont. 1, 120 P.2d 567. In the present appeal we are concerned with the correctness of the Workers' Compensation Court's conclusion based upon its application of the statutory definition of independent contractor to the facts presented at trial. Those facts, as revealed by the record, are relatively undisputed. The question presented by the issue on appeal is therefore one of law and this Court is not bound by the trial court's determinations on such questions. *Anderson v. Carlson's Transport* (1978), 178 Mont. 290, 583 P.2d 440. *Sanborn, supra.* Our decision in this appeal depends primarily upon the validity or invalidity of the trial court's legal analysis, not its factual findings. The content of a particular legal doctrine, and what the facts of the case establish under such doctrine is the central issue in this case. Appellant here does not seek a reweighing of the evidence, rather a reversal for failure

to apply the proper standard of law. The standard of review announced in *Steffes* above is therefore not controlling over our review of the question of law presented here.

The statute involved in this appeal is section 92-438.1, R.C.M. 1947, which defines "independent contractor" as one who renders service in the course of an occupation and:

". . . (1) has been and will continue to be free from control or direction over the performance of the services, both under his contract *and in fact*; and

· "(2) is engaged in an independently established trade, occupation, profession or business." (Emphasis added.)

I his statute clearly establishes a two-part test that must be met before an individual is classified as an independent contractor. First, he must be free from the control of his employer, under his contract *and* in fact, in the performance of his services. Second, he must be engaged in an independently established occupation. Appellant has conceded she meets the second part of this test, so our concern is with the first requirement, the absence of the "right of control."

Section 92-438.1(1), R.C.M.1947, reiterates the basic test in Montana for determining independent contractor status, namely, the right of control over the person doing the work involved. "The vital test in determining whether a person employed to do a certain piece of work is a contractor or a mere servant, is the control over the work which is reserved by the employer." *Kimball v. Industrial Accident Board* (1960), 138 Mont. 445, 449, 357 P.2d 688, 691. "The test to determine whether or not an employer-employee relationship exists . . . is the so called control test. Under that test an individual is in the service of another when that other has the right to control the details of the individual's work." *State ex rel. Ferguson v. District Court* (1974), 164 Mont. 84, 88, 519 P.2d 151, 153. Respondent has argued an employer must control the details of a performance before the performer is considered an employee. However, the determinative test is based on the right, not just the exercise, of control. Larson, *Workmen's Compensation Law*, Vol. 1A, § 44.10, p. 8-19; *Ferguson*, supra.

Section 92-438.1(1), R.C.M.1947, also states in determining this right of control, attention must be directed to the employment contract *and* the fact of the employment situation. In the present case, we have no written contract before us to aid in making the determination of freedom from control, and the parties have not contended for the existence of an implied contract. We therefore, must look at the factual situation, pursuant to the statutory direction, to determine whether respondent-employer had the right to control the work of appellant.

Larson's treatise enumerates four factors to consider when attempting to determine right of control in a given situation. Those factors are: (1) direct evidence of right or exercise of control; (2) method of payment; (3) furnishing of equipment; and (4) right to fire. *Larson*, § 44.31., p. 8-35. The treatise further point out that the consideration to be given these factors is not a balancing process, rather ". . . independent contractorship . . . is established usually only by a convincing accumulation of these and other tests, while employment . . . can if necessary often be solidly proved on the strength of one of the four items [above]." *Larson,* supra.

A consideration of the evidence in light of the factors above, convinces this Court that appellant was not *in fact* "free from control or direction over the performance of [her] services" as required by the definition for independent contractor in section 92-438.1, R.C.M.1947. It is clear from the record that though Peggy Sharp was told initially to clean as she had been doing previously with no specification of details, whenever Hoerner Waldorf wished to change or add to those details it did so without any indication it felt it was changing the contract of employment. Hoerner Waldorf exercised its control over appellant through its agents who indicated to appellant at various times what to clean, what not to clean, where to clean and by requiring duties not associated with cleaning. Appellant was also paid on a time basis (monthly) rather than on a completed contract basis. This is a strong indication her status was an employee. Larson, § 44.33, p. 8-41. Finally it is apparent from the record that the right existed in either party to terminate

the relationship at any time without liability. This factor is strong evidence of an employer-employee status as the right to terminate the relationship without liability is not consistent with the concept of independent contractorship. *Larson*, § 44.35, p. 8-68; *Bauer v. Richardson* (1970), 3 Or.App. 578, 475 P.2d 995; *Bowser v. State Industrial Accident Commission* (1947), 182 Or. 42, 185 P.2d 891; *Baugh v. Rogers* (1944), 24 Cal.2d 200, 148 P.2d 633; *Cole v. Minnick* (1932), 123 Neb. 871, 244 N.W. 785.

It is therefore this Court's conclusion the application of section 92-438.1, R.C.M. 1947, to the factual situation results in a determination that appellant was in fact subject to the control of Hoerner Waldorf and thus is an employee for purposes of the Workers' Compensation Act. We find the conclusion of the Workers' Compensation Court that appellant was an independent contractor with respect to Hoerner Waldorf to be incorrect.

Reversed and remanded with directions to determine the extent of disability and the amount of award, if any.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY and SHEA concur.