No. 86-194

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

DARRELL L. SCHROCK,

        Claimant and Cross-Appellant,

    -vs-

EVANS TRANSFER AND STORAGE,
Employer, and STATE COMPENSATION
INSURANCE FUND, Insurer,

        Defendants and Appellants,

    and

NORTH AMERICAN VAN LINES, Employer,
and LIBERTY MUTUAL INSURANCE CO., Insurer,

        Defendants and Respondents.

APPEAL FROM:  The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hughes, Kellner, Sullivan & Alke; Thomas E. Martello,
        Helena, Montana
        David L. Holland and Leonard J. Haxby, Butte, Montana

    For Respondent:

        Garlington, Lohn & Robinson; Larry W. Jones, Missoula,
        Montana

Submitted on Briefs: Oct. 9, 1986

Decided:  February 13, 1987

Filed: FEB 13 1987

*Ethel M. Harrison*

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal arises from a judgment and order of the Workers' Compensation Court. That court awarded claimant temporary total disability benefits from one of two possible employers. Save for a mathematical correction, we affirm in full.

The origins of this case stretch back to December 1983, when Evans Transfer and Storage of Butte, Montana, signed an agency agreement with North American Van Lines. North American is a well known motor vehicle common carrier engaged primarily in transporting household goods, wares and merchandise throughout the United States and Canada. In the ordinary course of its business, North American often leases trucks and trailers from smaller, local moving companies such as Evans Transfer.

Under the terms of this agency agreement, Evans Transfer leased a moving truck and trailer to North American for the latter's exclusive use and possession. Evans Transfer, however, was required to furnish a "qualified driver" for the truck and any additional necessary labor.

In January 1984, Evans Transfer hired the claimant, Darrell Schrock, to drive the vehicle leased to North American. However, before becoming qualified to drive for North American, a driver was required to attend a North American training school and thereafter be formally accepted.

So in May 1984, Darrell, along with his wife, Shauna, attended a training school held in Billings. Upon successful completion of the school, Darrell submitted his formal employment application to North American. North American, though, rejected Darrell's application because of a chronically weak back that rendered him a high risk employee.

Following Darrell's rejection, Evans Transfer and Shauna Schrock submitted to North American an employment

application under Shauna's name. Shauna had also successfully completed North American's training school and was technically eligible to apply for employment as a driver. However, she did not know how to drive a vehicle such as the one leased to North American. Evans Transfer submitted this application knowing that if North American approved the application, Darrell would do all the actual driving. Evans in fact told Shauna to sign a statement indicating that Shauna had taken a road test although Shauna had never taken such a test. North American ultimately approved Shauna's employment application, certifying her to drive for North American.

Evans Transfer had earlier entered into an "Independent Interstate Contractor's Agreement" with Darrell, whereby Evans provided Darrell the tractor and trailer leased to North American. Once Shauna's application was accepted, Evans allowed Darrell to drive this vehicle containing North American shipments. Because he was not qualified to drive for North American, Darrell would print Shauna's North American authorized driver number on log book entries and give her authorized driver number to the North American dispatch office when calling to request a shipment. With Evans' knowledge, Darrell would have Shauna sign, or forge her signature on, log book entries submitted to North American. North American was not told of the fact that Darrell was actually driving.

On December 11, 1984, Darrell, working alone, was injured by a falling piece of equipment while unloading a truck carrying a North American shipment. Darrell suffered a depressed skull fracture and has not worked since December 20, 1984. He timely filed a workers' compensation claim, but both Evans Transfer and North American denied liability.

The Workers' Compensation Court found that Darrell was an employee of Evans Transfer but not of North American and

3

that he was entitled to weekly temporary total disability benefits of $224.52. Darrell and Evans Transfer now appeal.

The issues before this Court on appeal are (1) whether the court below correctly held that claimant was an employee of Evans Transfer rather than an independent contractor; (2) whether the court properly held that claimant was not also an employee of North American; and (3) whether the court properly computed claimant's disability benefits.

We first consider Darrell's employment status with Evans Transfer. We note initially that the mere fact that the contract in effect between Evans Transfer and Darrell designated Darrell as an independent contractor is not dispositive. Darrell must have been independent in fact. Carlson v. Cain (Mont. 1983), 664 P.2d 913, 920, 40 St.Rep. 865, 875.

This analysis is founded upon our statutory definition of independent contractor. Section 39-71-120, MCA, defines an independent contractor as one who renders service in the course of an occupation and:

> (1) has been and will continue to be free from control or direction over the performance of the services, both under his contract and in fact; and
>
> (2) is engaged in an independently established trade, occupation, profession, or business.

To determine whether one is actually free from control, we adopted in Sharp v. Hoerner Waldorf Corp. (1978), 178 Mont. 419, 425, 584 P.2d 1298, 1301-02, a four factor test set forth in Larson's Workman's Compensation Law, Vol 1C, § 44.00, p. 8-40. The four factors to be considered are: (1) direct evidence of right or exercise of control; (2) method of payment; (3) furnishing of equipment; and (4) right to fire.

The factual determinations reached by the court below remain largely unchallenged; Evans Transfer essentially

4

disputes only the legal conclusions. Therefore, this issue is one of law and this Court is free to reach its own conclusions from the evidence presented. See Solheim v. Tom Davis Ranch (Mont. 1984), 677 P.2d 1034, 1038, 41 St.Rep. 326, 329. Nevertheless, our own review of the evidence persuades us that the court below correctly found that Darrell was not free from control in fact and therefore was an employee of Evans Transfer, rather than an independent contractor.

First, under their agreement, Evans Transfer furnished Darrell the equipment necessary to perform his obligations. When the employer furnishes valuable equipment, an employment relationship is strongly suggested. 1C Larson, § 44.34(a), p. 8-121. This notion is closely related to the right of control. Any owner who furnishes equipment as valuable as a tractor and trailer naturally maintains an interest in its care and typically will retain a right to supervise its use. In its agreement with Darrell, Evans Transfer required Darrell to maintain properly the equipment provided him and required Darrell to account for all the assigned equipment "as often as required" by Evans. For these reasons, Larson finds it "not surprising that there seems to be no case on record in which the employer owned the truck but the driver was held to be an independent contractor." 1C Larson, § 44.34(b), p. 8-139.

Further, the parties agree that Evans Transfer enjoyed the right to fire Darrell if he failed to perform proper maintenance on the equipment furnished him.

Consideration of the factors in this test is not a balancing process. Direct employment status can be established upon satisfaction of one of the four factors. Sharp, 584 P.2d at 1302. Our study of the record convinces us that Darrell was not in fact free from control and therefore was an employee of Evans Transfer at the time of the accident.

5

Our second issue is whether Darrell was also a employee of North American as of the date of his injury. The Workers' Compensation Court held that Darrell was not an employee of North American as it found no contractual relationship between the two parties. We agree.

Appellants' only argument of merit rests upon the fact that Darrell was injured in his capacity as a helper, not as a driver. Evans Transfer correctly notes that the agency agreement in effect between Evans and North American authorized Evans to provide on its own any necessary additional labor and obligated North American to maintain workers' compensation insurance for these helpers. Thus, runs the argument, Evans Transfer, as an agent, had the express authority to bind North American when it hired additional helpers.

Had Evans employed Darrell merely as a helper, its argument might be persuasive. But such is simply not the case. Evans Transfer intended that Darrell drive its truck leased to North American. Of this there is no argument. That North American rejected Darrell's application to drive this truck had little effect. After Darrell's rejection, Ron and Linda Evans and Francine Coombe, respectively the owners/operators and secretary of Evans Transfer, had Shauna submit her application to North American, knowing that Darrell would drive the vehicle. Evans Transfer then allowed Darrell to drive its vehicle containing North American shipments by having Shauna sign, or by having Darrell forge his wife's name on, the log book entries submitted to North American. Shauna did not even accompany her husband on every shipment. Evans and the Schrocks took great pains to see that North American was not told of the fact that Darrell was driving the vehicle. The Schrocks, the Evanses and Francine Coombe all testified as to these facts. The fact that drivers help load and unload shipments did not turn Darrell into a helper.

6

Looking at these facts, it is clear that Evans Transfer exceeded its authority by hiring Darrell as a driver. The agency agreement allowed Evans Transfer to hire only "qualified" drivers. North American's rejection of Darrell obviously indicated that Darrell was not qualified.

Further, an agent never has authority to perform an act "which is and is known or suspected by the person with whom he deals to be a fraud upon the principal." Section 28-10-409, MCA. Fraud is defined in § 28-2-405, MCA, as follows:

> Actual fraud, within the meaning of this part, consists in any of the following acts committed by a party to the contract or with his connivance with intent to deceive another party thereto or to induce him to enter into the contract:
>
> . . .
>
> (3) the suppression of that which is true by one having knowledge or belief of the fact;
>
> . . .
>
> (5) any other act fitted to deceive.

It is clear from the facts presented in the record that Evans Transfer and the Schrocks actively worked to deceive North American. The activities of Evans Transfer and the Schrocks, which allowed Darrell to drive the vehicle leased to North American in the face of North American's rejection of Darrell's application constituted actual fraud. The Schrocks and Evans Transfer cannot now be allowed to argue that this is irrelevant because of the fortuitous happenstance that Darrell was not injured while actually driving. Following North American's rejection, Evans' employment of Darrell as a driver went beyond the scope of its authority and did not bind North American.

Finally, all parties challenge the Workers' Compensation Court's computation of weekly disability benefits. Pursuant to § 39-71-701, MCA, Darrell is entitled to 66 2/3% of his weekly wage. In its findings, the court found that Darrell's average weekly wage was $336.61. In arriving at this amount, the court accepted as accurate a computer printout of Darrell's earnings submitted by Evans and relied upon by both Evans and North American.

Darrell now objects to the lower court's reliance on this printout. He does not dispute the accuracy of this printout, only that it was never introduced into evidence. We find no error. While this printout was not presented for admission, it represents a true and concise summary of three exhibits, all of which were admitted by stipulation of the parties. Had Darrell any problem with the figures contained within the exhibits, he had ample opportunity to question their accuracy, either at the time of their admission or during the testimony of the exhibits' authors. One of these exhibits consists of several hundred pages and was thrust upon the lower court by Darrell's counsel without benefit of explanation. The defendants distilled these voluminous records into a manageable summary and presented it to the court as an appendix to Evans' brief. The court's reliance upon this summary was not in error.

The computer printout relied upon by the court shows Darrell's net income from May through December, 1984. However, the court utilized only the months of June through November, 1984, to determine Darrell's average weekly wage. The court accepted these months as the only full months of income submitted.

Aside from a mathematical error, we find the court's computation correct. Given the often lengthy delay that typically resulted before Darrell received his payment from North American via Evans Transfer, plus the fact that Darrell worked only portions of the months of May and December, the

8

court did not abuse its discretion in limiting its analysis to the June-November period.

However, the Workers' Compensation Court did not make clear its method of computation. The court evidently totalled Darrell's earnings for the six-month span and then, to find his average weekly wage, divided by 24 (apparently six months at four weeks per month). Obviously, there are more than 24 weeks in six months. We therefore remand and instruct the Workers' Compensation Court to recompute Darrell's weekly disability benefits in accordance with this opinion. We otherwise affirm in full.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices