JUSTICE McDONOUGH,
dissenting.
The majority have in essence reviewed this case de novo. They have not applied the proper standard of judicial review.
The standard of review of this Board of Labor Appeals determination is set out in § 39-51-2410(5), MCA, as follows:
“(5) In any judicial proceeding under 39-51-2406 through 39-51-2410, the findings of the board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive and the jurisdiction of said court shall be confined to questions of law.”
This was the standard employed by the District Court as set out in paragraph two of its Memorandum and Order.
“Supported by evidence” has been held by this Court to mean supported by substantial evidence. Jordan v. Craighead (1943), 114 Mont. 337, 136 P.2d 526. A finding of fact under the circumstances here is binding on the Court if it is “supported by substantial evidence, regardless of whether there is substantial evidence or even a preponderance of evidence to the contrary.” Gypsy Highview Gathering System, Inc. v. Stokes (1986), 221 Mont. 11, 716 P.2d 620, quoting Jordan, 114 Mont. 337, 136 P.2d 526. Substantial evidence “is something more than a scintilla of evidence, but it may be less than a preponderance of the evidence.” Gypsy Highview Gathering System, Inc., 716 P.2d at 623.
*296 Is there more than a scintilla of evidence here supporting the factual findings of the Board of Labor Appeals and the hearing examiner?
The burden here is on the appellant to show that the worker is an independent contractor and there is a statutory test to determine the worker’s status. Section 39-51-201(4), MCA, provides:
“(14) ‘Independent contractor’ means an individual who renders service in the course of an occupation and:
“(a) has been and will continue to be free from control or direction over the performance of the services, both under his contract and in fact; and
“(b) is engaged in an independently established trade, occupation, profession, or business.”
We need only to discuss “(a)”. As to that part, we have cited four factors in determining degree of control in workers’ compensation which are also applicable here: 1) direct evidence of right or exercise of control; 2) method of payment; 3) furnishing of equipment; and 4) right to fire. See Sharp v. Hoerner Waldorf Corp. (1978), 178 Mont. 419, 584 P.2d 1298 (1978), and Solheim v. Tom Davis Ranch (1984), 208 Mont. 265, 677 P.2d 1034. We said in Sharp:
“Larson’s treatise enumerates four factors to consider when attempting to determine right of control in a given situation. Those factors are: (1) direct evidence of right or exercise of control; (2) method of payment; (3) furnishing of equipment; and (4) right to fire. Larson, § 44.31., p. 8-35. The treatise further points out that the consideration to be given these factors is not a balancing process, rather ‘. . . independent contractorship ... is established usually only by a convincing accumulation of these and other tests, while employment . . . can if necessary often be solidly proved on the strength of one of the four items [above].” Larson, supra.
From the above it is clear that all four factors are needed to show a worker is an independent contractor.
Looking at the factor of the furnishing of equipment, the facts are clear the worker furnished his own tools or equipment and this was a Finding (No. 5) by the examiner. The appellant has met his burden as to this factor required for finding the worker an independent contractor.
Second, as the method of payment here the worker was paid by the hour. “It is a strong indication” the status was that of employee. Sharp, 584 P.2d at 1302. Larson, § 44.33, p. 8-41. The workers here were paid weekly for the hours worked that week. This payment by *297 the hour is more than a scintilla of evidence. The appellant claims the reason the hourly method was selected was because the appellants were unclear as to the extent of what they wanted done and were limited as to the amount of money they could spend. The appellant did decide what work was to be done. The weight to be given to the fact of hourly payment and its “strong indication” and the weight to be given to appellant’s reason for doing it, is within the province of the fact finder, neither one is conclusive either way.
Relative to direct evidence of right or exercise of control, this also is a question of fact. Is there a scintilla of evidence supporting direct control? Changes were made by appellant during the course of the work. Workers did as directed by the changes. The appellant paid an hourly rate and expected the workers to do what he wished. Appellant made day to day decisions as to materials used and paid for them directly to supplier (amounting to over $15,000.00). Appellant had the right to approve the work. See transcript p.32, lines 11-15 as follows:
“BAY: You were done upon, er, upon — like the inspection, did he inspect it and have any changes made or what?
“VOELLER: Oh ya, he had changes all the way through it, you know, but when we were finally done, you know, it was done. He looked at it and it was done.”
The appellant also felt he had the power to push them along and insist they work faster. This is certainly more than a scintilla of evidence of direct control and it would make a prima facie case, Findings 3 and 4 of the examiner are supported by this evidence.
Even if there was not substantial evidence to support the findings of the examiner as to factors of control and method of payment, there is no question there is more than a scintilla of evidence to support Finding 6 of the examiner which is as follows: “Either the appellant or the carpenters could terminate the work relationship without liability.” There was no written agreement, only oral.
In the examination of Mike Voeller, a worker, by the hearing examiner the following questions were asked and the following answers given:
“EXAMINER: During the course of the project could you have decided you didn’t want to do anymore and stop?
“VOELLER: Ya, I could have.
“EXAMINER: All right. Could Mr. Johnson have just decided he was . . . didn’t want to employ you anymore or be associated with you anymore and tell you he wanted somebody else to do it?
*298 “VOELLER: He probably could’ve if he’d wanted, ya.”
The following discourse also took place between appellant Johnson and attorney for respondent.
“BAY: Mr. Johnson, if yqu weren’t happy with the work or felt these workers weren’t working fast enough, could you have fired them?
“JOHNSON: I think, like I testified earlier, if it would have taken them, you know, a real long time. To me it seemed like a long time, and not being a carpenter, you know, it’s really questionable what a. long time is. I’m sure somewhere along the line I could have, yes.”
This testimony of the two principal participants is more than a scintilla of evidence that either one could have terminated the relationship without liability. Mr. Voeller’s testing is quite clear taken as a whole. It is not precise because of the word “probably” as to his understanding of appellant’s right. The witness is not a user of words but is a trademan. Voeller certainly felt he could quit.
Of the four factors to be met by appellant only one, the furnishing of equipment, has been met. The determinations by the examiner against appellant of the other three questions of fact are supported by substantial evidence.
Section 39-51-2410(5), MCA, requires that courts accept the findings of fact of the agency if those findings are supported by substantial evidence. The District Court applied the standard and so should we.
JUSTICE HUNT joins in the dissent of JUSTICE McDONOUGH.