No. 90-195

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

JAMES ANDRE MORRIS, Deceased,
and IRENE MORRIS,

        Claimant and Respondent,

    v.

MONTANA FORWARD,

        Employer,

    and

STATE COMPENSATION MUTUAL
INSURANCE FUND,

        Insurer and Appellant.

APPEAL FROM:   The Workers' Compensation Court,
               The Honorable Timothy Reardon, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                Elizabeth A. Horsman, Esq., State Compensation
                Mutual Insurance Fund, Helena, Montana

        For Respondent:

                Norman H. Grosfield, Esq., Helena, Montana


                        Submitted on Briefs:  August 23, 1990

                                    Decided:  October 23, 1990

Filed:

_____
                Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

The State Compensation Mutual Insurance Fund appeals the determination of the Workers' Compensation Court that James Andre Morris was an employee of Montana Forward at the time of his death. We affirm.

The issues are:

1. Did the court err in determining that, at the time of his death, James Andre Morris was an employee of Montana Forward entitled to benefits under the Montana Workers' Compensation Act?

2. Did the court err in admitting the testimony of Milton McKee Anderson regarding conversations he had with Morris?

James Andre Morris was fatally injured in an airplane accident near Helena, Montana, on April 8, 1988. At the time of the accident, he was piloting for gubernatorial candidate Jim Waltermire, on a campaign trip. "Montana Forward with Waltermire" (Montana Forward) was the Waltermire campaign organization.

Morris owned and operated Dillon Flying Service, a charter air service in Dillon, Montana. The plane Morris was piloting for Waltermire was neither owned nor operated by Dillon Flying Service. Another individual had donated the use of the plane to the campaign. Morris had twice before flown that plane for the campaign, at a rate of $25 per hour or $100 per day plus expenses and subject to his availability with regard to his charter service.

Morris's widow filed a claim for workers' compensation death benefits. The claim was denied by the insurer, State Compensation Mutual Insurance Fund (State Fund), on the basis that Morris was an independent contractor with Montana Forward. Mrs. Morris petitioned the Workers' Compensation Court to resolve the dispute. After analyzing the facts of the case as presented at trial, the court concluded that Morris was an employee of Montana Forward at the time of his death and that he was entitled to coverage under the Workers' Compensation Laws of Montana.

## I

Did the court err in determining that, at the time of his death, James Andre Morris was an employee of Montana Forward entitled to benefits under the Montana Workers' Compensation Act?

We recently restated our standard of review of decisions of the Workers' Compensation Court:

> Decisions of the Workers' Compensation Court will not be overturned if there is substantial evidence to support its findings and conclusions. Where findings are based on conflicting evidence, the reviewing court's function is confined to this determination; it is not the court's function to determine whether there is sufficient evidence to support contrary findings.

Gaumer v. Montana Dept. of Highways (Mont. 1990), 795 P.2d 77, 79, 47 St.Rep. 1202, 1205 (citations omitted).

3

Under Montana's statutory scheme, if Morris was not an "independent contractor," he was entitled to benefits under the Montana Workers' Compensation Act as an employee of Montana Forward. See §§ 39-71-117, -118, -120, -401, MCA. An "independent contractor" is

> one who renders service in the course of an occupation and:
>
> (a) has been and will continue to be free from control or direction over the performance of the services, both under his contract and in fact; and
>
> (b) is engaged in an independently established trade, occupation, profession or business.

Section 39-71-120(1), MCA. It is not disputed that Morris was engaged in an independently established trade or business. The State Fund argues that he was an independent contractor because he was free from Montana Forward's control as well.

The four factors considered when examining right of control are: (1) direct evidence of right or exercise of control; (2) method of payment; (3) furnishing of equipment; and (4) right to fire. Sharp v. Hoerner Waldorf Corp. (1978), 178 Mont. 419, 425, 584 P.2d 1298, 1301-02, citing Larson, Workmen's Compensation Law, Vol. 1A, Sec. 44.31, pp. 8-35. When the Workers' Compensation Court analyzed those factors, it concluded that Morris was an employee of Montana Forward.

4

The court pointed out that the direct evidence of control by Montana Forward over Morris was limited to when and where he would work. However, it recognized that the specialized skills of a pilot preclude anyone who is not a pilot from exercising control over details of operating a plane. The court stated "[s]tanding alone, this factor would likely not be sufficiently persuasive either in favor of employment or against it."

Morris was paid $25 per hour or a minimum of $100 per day. Payment for time is strongly indicative of an employment relationship rather than an independent contractor relationship. Sharp, 584 P.2d at 1302. As Montana Forward points out, the effect of this general rule is lessened by the testimony indicating that independent air charter services often calculate rates based on flight time.

Montana Forward argues that because it had no investment in the plane and was not responsible for repairs on the plane, the "furnishing of equipment" factor indicates that Morris was an independent contractor. We disagree. The use of the plane was given to Montana Forward, not to Morris. Montana Forward paid all non-pilot costs for the plane and it could have hired any qualified pilot to fly it. Clearly the campaign acquired the plane and furnished it to Morris.

There was no written agreement concerning any right of Montana Forward to fire Morris. The testimony, however, indicated that

Montana Forward would have had the right to obtain another pilot and fire Morris at any time, with a probable obligation to pay Morris for the time required to get home, were he fired mid-trip.

The Workers' Compensation Court concluded that "the latter three criteria enumerated by Professor Larson . . . support a conclusion that Morris was an employee of Montana Forward on April 8, 1988 when he died." It pointed out that an independent contractor relationship is established "usually only by a convincing accumulation of these and other tests, while employment can if necessary often be solidly proved on the strength of one of the four items." Sharp, 584 P.2d at 1302, citing Larson. As further noted in the court's findings, Morris did not obtain an exemption from workers' compensation insurance as an independent contractor as allowed under 24.29.207, ARM.

We conclude that substantial evidence supports the findings and conclusions of the Workers' Compensation Court that Morris was an employee under the control of Montana Forward. We hold that the court did not err in determining that Morris was entitled to workers' compensation benefits.

II

Did the court err in admitting the testimony of Milton McKee Anderson regarding conversations he had with Morris?

Milton McKee Anderson was Morris's friend and his personal and business insurance agent. In Anderson's deposition, he testified

over the State Fund's objection about several conversations he had with Morris about the Waltermire campaign and Morris's service to the campaign. The State Fund argues that this testimony is hearsay, is neither reliable nor probative because Anderson was not actually involved with the campaign, and should have been stricken from the record.

The conclusions and judgment of the Workers' Compensation Court make no reference to Anderson's testimony. The only mention of that testimony is a reference in the findings of fact to Anderson's statement that the pilot makes the decision whether or not to fly in adverse weather, a statement also made by another witness. The State Fund has not made any showing that the disputed testimony affected the judgment and the record does not show prejudice from the testimony. We conclude that no prejudicial error has been shown.

Affirmed.

J. A. Turnage
Chief Justice

7

We concur:

_John Conway Harrison_

_Diane G. Barz_

_William E. Hunt_

_R. C. McDonough_

_John C. Sheehy_
Justices

Justice Fred J. Weber did not participate.

8