NO. 94-284

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

JERROLD LUNDBERG,

    Petitioner and Appellant,

  -vs-

LIBERTY NORTHWEST INSURANCE CO., INC.,

    Respondent and Respondent/Insurer for

PYRAMID MOUNTAIN LUMBER COMPANY,

    Employer.

**FILED**

DEC 06 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: Workers' Compensation Court, State of Montana
The Honorable Mike McCarter, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Norman H. Grosfield; Utick & Grosfield,
        Helena, Montana

    For Respondent:

        Michael C. Prezeau; Garlington, Lohn & Robinson,
        Missoula, Montana


Submitted on Briefs: October 13, 1994

Decided: December 6, 1994

Filed:

_____
Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Jerrold Lundberg (Lundberg) appeals the order of the Workers' Compensation Court concluding that he was an independent contractor and denying him benefits for injuries suffered while working. We reverse.

The sole issue on appeal is whether the Workers' Compensation Court erred in finding that Lundberg was an independent contractor at the time of his injury.

Lundberg has a background working in forestry-related jobs, culminating in a career with the United States Forest Service. He began working for the Forest Service as a seasonal tree planter in 1968 and subsequently worked his way up through the ranks. When he retired from the Forest Service in 1985, he was the sales administrator for the Lincoln Ranger District of the Helena National Forest. By the time of his retirement, he was familiar with all aspects of the logging business. He was certified for numerous Forest Service positions, including sales administrator, timber cruiser, and log scaler.

After retiring from the Forest Service he formed a partnership with his son called Lundberg Logging. Its primary business involved many aspects of small scale timber sales. Lundberg Logging had a business checking account and employer identification number, paid dues to the Montana Logging Association, and owned a number of pieces of heavy equipment. Lundberg Logging further maintained liability insurance and workers' compensation insurance for its employees, but Lundberg elected not to cover himself under

2

its workers' compensation policy. In 1991, Lundberg bought his son's interest in Lundberg Logging, thus converting the business to a sole proprietorship.

While still employed with the Forest Service, Lundberg had worked with Pyramid Mountain Lumber Co. (Pyramid). He also worked on small contracts with Pyramid after forming Lundberg Logging. Pyramid utilized both employees and consultants in locating and purchasing timber. In 1992, Pyramid contacted Lundberg to inquire if he would be interested in purchasing timber for Pyramid in the Lewistown, Montana area. Lundberg and Pyramid entered into a consultation agreement that declared that "[i]t is hereby understood that [Lundberg] is an independent consultant and not an agent or employee of Pyramid Mountain Lumber, Inc." The agreement stated that Lundberg would "work full time for the first 4 months out of Lewistown to get established and then spend whatever time is necessary to achieve or exceed the [agreement's timber purchasing] goal." The agreement further established terms for the parties' respective duties, termination, compensation, and other contractual provisions.

Pyramid provided Lundberg with living quarters in Lewistown, business cards similar to those given to Pyramid employees, reimbursed him for mileage, and maintained consultation between Lundberg and Pyramid employees and consultants to foster Lundberg's work. Lundberg provided his own materials and recorded the days he worked and miles traveled. Pyramid did not include Lundberg in its vacation, sick leave, or health care policies, did not withhold

3

income taxes, and reported his earnings on IRS form 1099 rather than form W-2. Lundberg was not subject to Pyramid's personnel policies and was not issued a personnel handbook. He was not subjected to Pyramid's standard mandatory drug screening, pre-employment physical, or company orientation procedures.

Lundberg maintained his home in Lincoln but traveled to Lewistown during the week to work, where he stayed at Pyramid's trailer house. Lundberg set his own schedule and every month he submitted a list of days he worked, the number of miles he had driven each day, where he had travelled, and an itemization of his reimbursable expenses. Lundberg determined which days he worked and took days off without notifying Pyramid. During one week in October, 1992, his truck did not work and he completed a short job near Lincoln for a post cutter, not related to Pyramid. He took days off for bad weather, personal business, and because his mother had surgery. Pyramid interpreted the consultation agreement as permitting it to designate or change the area in which Lundberg worked. The person who succeeded Lundberg as Pyramid's timber buyer in Lewistown was a salaried Pyramid employee who determined his own daily work schedule but obtained approval for days off. Evidence was presented about a person under a contract similar to Lundberg's who charged a daily rate for his services and considered himself an independent contractor.

In February 1993, Lundberg was seriously injured in a traffic accident while travelling on Pyramid-related business. At that time Pyramid was insured by Liberty Northwest Insurance Co., Inc.

4

(Liberty) and was enrolled under Compensation Plan Number 2 of the Workers' Compensation Act (Act). Liberty denied Lundberg's claim for compensation following the accident, claiming that he was an independent contractor rather than an employee. The Workers' Compensation Court concluded that Lundberg was an independent contractor and not an employee of Pyramid. This appeal followed.

Two standards of review apply to workers' compensation cases. Where facts are disputed, "this Court will not substitute its judgment for that of the Workers' Compensation Court and will uphold its findings if there is substantial evidence in the record to support them." (Citations omitted.) Reeverts v. Sears, Roebuck & co. (Mont. 1994), 881 P.2d 620, 622, 51 St.Rep. 894, 895. When no facts are disputed, "[w]e will uphold the court's conclusions of law if its interpretation of the law is correct." Reeverts, 881 P.2d at 622. The facts in this case are largely undisputed. At issue is only the application of the statute to the undisputed facts. "Therefore, this issue is one of law and this Court is free to reach its own conclusions from the evidence presented." Schrock v. Evans Transfer and Storage (1987), 225 Mont. 348, 351, 732 P.2d 848, 851. We are not bound by the trial court's determinations when reviewing interpretations of law. Sharp v. Hoerner Waldorf Corp. (1978), 178 Mont. 419, 423, 584 P.2d 1298, 1301.

We held that the Act "generally does not cover a person who is a sole proprietor or a working partner." Loos for Loos v. Waldo (1993), 257 Mont. 266, 270, 849 P.2d 166, 169. Lundberg Logging is not the employer-contractor at issue. Neither Pyramid nor Lundberg

5

allege that Lundberg was acting in any capacity as Lundberg Logging's sole proprietor and we need not consider this exception.

The test to determine whether a person is an independent contractor or employee allows for no middle ground: The claimant is classified as an employee or as an independent contractor. It is well established that the fact that a contract designates a party as an independent contractor is not dispositive of a worker's status: A party must have been an independent contractor in fact. Schrock, 732 P.2d at 850. Independent contractor status requires a "convincing accumulation" of evidence from the statutory test, whereas employee status may be found based on one part of the statutory test. Sharp, 584 P.2d at 1301-02.

Section 39-71-120, MCA, defines an independent contractor as follows:

> (1) . . . one who renders service in the course of an occupation and:
> (a)  has been and will continue to be free from control or direction over the performance of the services, both under his contract and in fact; and
> (b)  is engaged in an independently established trade, occupation, profession, or business.
> (2)  An individual performing services for remuneration is considered to be an employee under this chapter unless the requirements of subsection (1) are met.  [Emphasis added.]

Because of the facts in this case, we begin by reviewing the second part of the statutory independent contractor test. Section 39-71-120(1)(b), MCA, requires that an independent contractor be "engaged in an independently established trade, occupation, profession, or business." Lundberg argues that the independently established business requirement is not met because he did not

6

engage in the business of buying timber for third parties. This assertion raises the question whether the statutory requirement for an independently established trade, occupation, profession or business must involve the identical services as those which give rise to the independent contractor/employee controversy.

We held that a pastor who received pay for work for third parties satisfied the statutory requirement that an independent contractor engage in an independently established trade, occupation, profession, or business. St. John's Lutheran Church v. State Comp. Ins. Fund (1992), 252 Mont. 516, 521, 830 P.2d 1271, 1275. In that case the pastor was permitted to receive remuneration for work from third parties, even if time was taken away from his parish work. St. John's, 830 P.2d at 1274. Lundberg, like the pastor in St. John's, was able to work for others. However, Lundberg did not act for others in a similar capacity as he did for Pyramid. Neither Lundberg nor Lundberg Logging maintained a business procuring timber for third parties.

In a case involving unemployment insurance, the statute for which defines independent contractor identically to § 39-71-120(1), MCA, we held that equating the second part of the test with merely rendering services in the course of an occupation, as is already separately required in the first part of the statute, would render the second requirement a nullity. Northwest Publishing v. Montana Dept. of Labor & Ind. (1993), 256 Mont. 360, 364, 846 P.2d 1030, 1032. Lundberg's timber purchasing "business" did not exist independently from his relationship with Pyramid. See Standard

7

Chemical Mfg. Co. v. Employment Sec. Div. (1980), 185 Mont. 241, 251, 605 P.2d 610, 615.

The record demonstrates that Lundberg was proficient in most areas of timber harvest and sale and that he continued to operate Lundberg Logging after he began working for Pyramid. However, the record contains no indicia that Lundberg was engaged in buying timber for third parties or that Pyramid hired Lundberg Logging to procure timber with Lundberg working only for Lundberg Logging. The record indicates that Lundberg completed one job unrelated to Pyramid after he signed the agreement with Pyramid, but that is insufficient to conclude Lundberg was engaged in an independently established trade, occupation, profession, or business of purchasing timber for third parties.

Reversed.

_____
                    Justice

We concur:

_____
       Chief Justice

_____

_____

_____
          Justices

8

Justice Karla M. Gray, specially concurring.

I concur in the Court's opinion and write separately only to clarify the basis for my agreement with the Court's result.

The Workers' Compensation Court made detailed findings of fact in this case and provided a complete legal analysis supporting its decision. The court determined that the right of control and equipment factors we have used to analyze independent contractor status weighed in favor of independent contractor status here. While these conclusions of the Workers' Compensation Court are not incorrect, it is clear from the record before us that neither factor is particularly strong in this case.

The Workers' Compensation Court also determined that the method of payment and right to terminate factors were, in essence, neutral in this case and did not weigh in favor of either independent contractor or employee status. Again, the court was correct. To this point, the record does not establish the "convincing accumulation of evidence" we have concluded is necessary to result in an independent contractor determination. See Sharp v. Hoerner-Waldorf Corp. (1978), 178 Mont. 410, 584 P.2d 1298.

The final factor, then, is the independent business factor. The Workers' Compensation Court determined that the independent business factor weighed in support of independent contractor status. This Court holds that the court erred in that determination, concluding that Lundberg is not engaged in the independent business of timber purchases. I agree. The net result is that the independent business factor weighs in support of

employee status in this case.

We also determined in <u>Sharp</u> that employee status may be proved on the strength of one of the factors. <u>Sharp,</u> 584 P.2d at 1302. That is the result of the lack of Lundberg's participation in the independent business of timber purchases in this case. Nor, in this case, do the other statutory factors present a convincing accumulation of evidence in support of independent contractor status.

_____
                                 Justice

Justice James C. Nelson joins the foregoing special concurrence of Justice Karla M. Gray.

_____
                                 Justice

10

Chief Justice J. A. Turnage dissenting:

I respectfully dissent.

It is clear from the record in this case that the findings of fact of the Workers' Compensation Court are the basis upon which it made its decision. The standard of review is whether or not there is substantial credible evidence to support the court's findings of fact.

The record in this case reveals that there is substantial credible evidence supporting the decision of the Workers' Compensation Court. I would affirm.

_____
Chief Justice

Justice Fred J. Weber:

I join in the dissent of Chief Justice Turnage.

_____
Justice

11

December 6, 1994

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following  named:


Norman H. Grosfield
UTICK & GROSFIELD
P.O.  Box  512
Helena,  MT  59624-0512

MICHAEL  C.  PREZEAU
Garlington,  LOHN  & ROBINSON.  P.C.
P.O. Box 7909
Missoula,  MT  59807-7909

ED SMITH
CLERK OF THE SUPREME COURT
STATE  OF  MONTANA

BY:_____
Deputy