No. 99-409

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 26N

GREGORY HALVORSON,

Petitioner and Appellant,

v.

MONTANA STATE DEPARTMENT OF

LABOR AND INDUSTRY BOARD OF

APPEALS, and ALPINE AVIATION, INC.,

Respondent and Respondent.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

Honorable Ed McLean, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Gregory Halvorson, Pro Se, Missoula, Montana

For Respondent:

Bernard A. Jacobs, Department of Labor and Industry,

Helena, Montana

Submitted on Briefs: January 6, 2000

Decided: January 31, 2000

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶1.Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2.Respondent, Alpine Aviation, Inc., terminated Halvorson's position as an airplane captain responsible for flying mail between and among various Montana cities. Halvorson initially was awarded unemployment insurance benefits through the Unemployment Insurance Division of the Department of Labor and Industry. However, on appeal to the Hearings Bureau, Halvorson was denied his claim for benefits. Respondent, Board of Labor Appeals, and the Fourth Judicial District Court, Missoula County, affirmed the denial of Halvorson's claim. We also affirm.

¶3.We consider the following two issues:

¶4. Whether substantial credible evidence supports the denial of Halvorson's claim for unemployment insurance benefits.

¶5. Whether the District Court erred in its decision not to decide a wrongful discharge claim.

## STANDARD OF REVIEW

¶6.We apply the standard of review provided in § 39-51-2410(5), MCA, which states:

In any judicial proceeding under 39-51-2406 through 39-51-2410, the findings of the board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive and the jurisdiction of said court shall be confined to questions of law.

*See Decker Coal Co. v. State Employment Sec. Div. (1983), 205 Mont. 1, 6, 667 P.2d 923, 926. We deem facts conclusive as the board finds them if they are supported by substantial evidence. See Northwest Publishing v. Montana Dept. of Labor and Industry (1993), 256 Mont. 360, 362, 846 P.2d 1030, 1031. This requires something more than a mere scintilla of evidence, but may be less than a preponderance of evidence. See Gypsy Highway Gathering System, Inc. v. Stokes (1986), 221 Mont. 11, 15, 716 P.2d 620, 623.*

¶7.We review questions of law to determine whether the conclusion is correct. *See Northwest Publishing*, 256 Mont. at 362, 846 P.2d at 1031.

## ISSUE 1

¶8.Does substantial credible evidence support the denial of Halvorson's claim for unemployment insurance benefits?

¶9.Montana law provides that unemployment insurance benefits may be denied when an individual is terminated from employment for misconduct, which may result when an individual deliberately violates or disregards standards of behavior which the employer has a right to expect. *See* § 39-51-2303, MCA; Rule 24.11.460(1)(b), A.R.M. Acts of misconduct include violations of a company rule if the rule is reasonable and if the individual knew or should have known of the existence of the rule. *See* Rule 24.11.461(1)(f), A.R.M.

¶10.Halvorson argues that Alpine gave no proof that he willfully acted in misconduct. To the contrary, Alpine calls attention to Halvorson's violations of written policies and Federal Aviation Administration (FAA) regulations. Alpine alleges that Halvorson failed to conduct pre-takeoff walk-around inspections of his aircraft, follow aircraft start-up and shut-down checklist procedures, use oxygen when flying over 12,000 feet, and timely close out FAA flight plans.

¶11.We find substantial evidence in the record to support these violations. Halvorson's

immediate supervisor, Stan Floyd, was notified by an airport security officer that Halvorson failed to close a flight plan two or three times when he neglected to notify the controller that he had landed in Missoula. As a result, the controller could not allow any aircraft to land in Missoula until it was verified that Halvorson had landed. Also, on several occasions, Floyd saw Halvorson get into his plane and take off without doing a walk-around inspection or complete a safety checklist. Once, Halvorson left a 35-pound cargo stand attached to the rear of his plane which could have fallen off during flight or could have caused ice to build-up. When Floyd flew with Halvorson to evaluate his performance, Halvorson did not do a walk-around inspection or complete a safety checklist before he took off in his plane, he started the engine before the crew ladder was removed and before the crew safely boarded, and he did not use oxygen when the plane reached 12,000 feet. Floyd noted that Halvorson violated procedures that were required by the cockpit checklist pursuant to FAA regulations. Halvorson does not deny this.

¶12. Halvorson also does not deny that he knew of the regulations he was required to follow. In reference to these regulations, he received numerous verbal warnings and two written reprimands for failing to follow instructions, which he acknowledges in his brief. Also, he indicated in his discharge statement, which he completed while applying for unemployment insurance benefits, that he was provided the company rules or policies in a handbook.

¶13. Nothing in the record suggests that these regulations were unreasonable. Thus, based on the substantial evidence, we conclude as a matter of law that Halvorson's misconduct warrants a denial of his claim for unemployment insurance benefits. *See Hafner v. Montana Dept. of Labor and Industry* (1996), 280 Mont. 95, 99-100, 929 P.2d 233, 236.

## ISSUE 2

¶14. Did the District Court err in its decision not to decide a wrongful discharge claim?

¶15. Halvorson's central theory upon this appeal is that Alpine terminated his position in an act of retaliation because he informed the FAA about Alpine's own violations of FAA regulations. In addition, Halvorson asserts that some of the reasons Alpine gives for his discharge have been inappropriately raised after his termination.

¶16. In its opinion and order, the District Court concluded that Halvorson's argument incorporates wrongful discharge claims and since the instant case is an unemployment

benefits case, a decision on these claims is not relevant to the issue of whether Halvorson was eligible to collect unemployment benefits. As the District Court recognized, even if Alpine discharged Halvorson as a matter of retaliation, it does not negate the substantial credible evidence that supports the conclusion that Halvorson engaged in misconduct by violating certain flight regulations. We agree.

¶17.Furthermore, in *Niles v. Carl Weissman & Sons, Inc.* (1990), 241 Mont. 230, 786 P.2d 662, this Court held that a final decision by an administrative agency on the issue of unemployment benefits was not res judicata as to an employee's separate action in District Court for wrongful discharge.

¶18.Thus, we conclude that the District Court did not err in its decision not to decide Halvorson's wrongful discharge claims as part of his unemployment benefits action.

¶19.We affirm the District Court.

/S/ J. A. TURNAGE

We concur:

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART
